March 22, 1993

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-1304

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 JOSE QUI ONES-PITA,

 Defendant, Appellant.

 

No. 92-1305

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 DOMINGO COTTO-GARCIA,

 Defendant, Appellant.

 

 ERRATA SHEET

 The opinion of this Court issued on March 16, 1993, is
amended as follows:

 Page 4, line 3, heading should read: APPELLANT JOSE
QUINO ES-PITA, instead of . . . QUINO ES . . .

March 17, 1993 [NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 

No. 92-1304

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 JOSE QUI ONES-PITA,

 Defendant, Appellant.

 

No. 92-1305

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 DOMINGO COTTO-GARCIA,

 Defendant, Appellant.

 

 APPEALS FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Jos Antonio Fust , U.S. District Judge]
 

 

 Before

 Breyer, Chief Judge,
 

 Torruella and Cyr, Circuit Judges.
 

 

 Lydia Lizarribar-Masini for appellant Jos Qui ones-Pita.
 
 Gabriel Hern ndez-Rivera, by Appointment of the Court, for
 
appellant Domingo Cotto-Garc a.
 Jorge E. Vega-Pacheco, Assistant United States Attorney,
 
with whom Daniel F. L pez-Romo, United States Attorney, was on
 
brief for appellee.

 

 

 Per Curiam. In these appeals, which arise out of the
 

same facts, one appellant challenges his sentence and the other

challenges his guilty plea. Both challenges arise out of the

same count in the common indictment: conspiracy to distribute at

least five kilograms of cocaine. Because we find both appeals

meritless, we affirm. We discuss our reasoning as to each

appellant individually.

 APPELLANT DOMINGO COTTO-GARCIA
 

 Appellant Cotto presents us with a curious claim. On

the one hand, he asserts that he entered his plea voluntarily and

knowingly as to all counts, including the count of conspiracy to

distribute at least five kilograms of cocaine. On the other

hand, he maintains that he did not know his plea would result in

a sentence based on a conspiracy to distribute at least five

kilograms. He contends, therefore, that he should have been

sentenced in accordance with the amount of cocaine he actually

handled. Appellant essentially wishes us to leave the plea

agreement intact, but remand the case for resentencing in

accordance with a lower amount of cocaine. We cannot do as

appellant wishes. 

 Appellant specifically pled guilty to a conspiracy to

distribute five kilograms of cocaine, and expressly refused to

seek withdrawal of that plea at oral argument. Indeed,

appellant's attorney plainly and repeatedly asserted the validity

of that plea. Thus, we are limited to determining whether the

sentence imposed pursuant to that plea was improper. As the

 -3-

sentence fell within the applicable Sentencing Guideline range

for appellant's crime, we conclude that it was entirely proper.

 APPELLANT JOSE QUINO ES-PITA
 

 In contrast to appellant Cotto, appellant Qui ones

seeks to withdraw his plea as unknowing. He claims that at the

sentencing hearing, he wished to present evidence negating the

factual basis for the plea. Specifically, he sought the

testimony of appellant Cotto to the effect that the conspiracy

did not involve five kilograms. Appellant Cotto, however,

invoked his constitutional right against self-incrimination on

advice of counsel, and the district court refused to compel

Cotto's testimony. Appellant claims that the district court

erred in doing so. We find no error.

 Cotto's right to claim the Fifth Amendment right

against self-incrimination cannot be trampled upon in appellant

Qui ones' attempt to gain useful evidence. See United States v.
 

Zirpolo, 704 F.2d 23, 25-26 (1st Cir.), cert. denied, 464 U.S.
 

822 (1983); United States v. Rodr guez, 706 F.2d 31, 36 (2d Cir.
 

1983). The fact that Cotto already pled guilty to the conspiracy

charge did not preclude him from claiming the right. The Fifth

Amendment does not require that defendants face such exposure

because they have already pled guilty. So long as the threat of

future prosecution exists, it is clear that the Fifth Amendment

protects defendants from the threat of self-incrimination.

Zirpolo, 704 F.2d at 25. Cotto's testimony could have exposed
 

him to additional charges under both federal and state law. The

 -4-

district court did not err in refusing to compel Cotto's

testimony. There was no basis to withdraw the plea.

 CONCLUSION
 

 Cases 92-1304 and 92-1305 are affirmed.
 

 -5-